2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Byron BRITTON, Appellant,
v.
Michael STIANCHE; Lois Ferguson; Dale Koonce, Appellees.
 No. 93-1452.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 15, 1993.
Filed: August 2, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Byron Britton, a Missouri inmate, appeals the district court's grant of summary judgment for Dr. Michael Stianche and nurses Lois Ferguson and Dale (Dell) Koonce in this action brought under 42 U.S.C. Sec. 1983. Britton claimed that Stianche intentionally stitched Britton's head wound to create "an unsightly scar" and that Koonce refused to treat him before he was temporarily moved from the prison to a county jail. Britton claimed that Ferguson was deliberately indifferent because she cleaned his wound and assisted Stianche during the medical procedure.
 
 
 2
 Having carefully reviewed the record, we conclude that the district court properly granted summary judgment for defendants. Presented with defendants' evidence and his own deposition, Britton failed to provide any evidence to create a genuine issue of material fact as to whether defendants acted with deliberate indifference to his serious medical needs. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Britton established at most a difference of opinion as to medical treatment, and such a claim is not actionable under section 1983. See Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Even assuming Stianche made a disparaging comment during medical treatment, Britton did not produce any evidence showing that the medical care he received from Stianche was inadequate. He did not controvert evidence that Koonce took steps to obtain medical care for him when he was transported to the jail, and he provided no factual support for his claim against Ferguson.
 
 
 3
 We reject Britton's argument that the court erred in granting defendants qualified immunity because the court did not rest its judgment on that ground. We do not consider the claims of racial disparity and "pervasive risk of harm" in medical treatment because Britton raised them for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 4
 Accordingly, we affirm.